SEXTON, Judge,
dissenting.
The majority here again finds for a plaintiff who has voluntarily left the employment of this defendant and who then sued to obtain funds paid by him into a deferred compensation plan. In so doing, the majority relies on Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1976), LSA-R.S. 23:634, as well as Langford v. Cahn Elec. Co., Inc., 403 So.2d 833 (La.App. 2d Cir.1981), the first case involving this defendant.
I do not believe that Morse is sufficient authority for the finding by the majority in Langford, and thus here. A significant difference between Morse and these Cahn Electric cases is that in Morse the employee was terminated because of economic conditions. Also, though of less significance, is the apparent fact that in Morse the action of the company in paying the supplemental compensation was unilateral, requiring no action by the employee. In these Cahn cases the employees were invited to join and did so voluntarily. The purpose of the plan here is to reward continued service and to induce the employees involved to remain with the company. The employee benefits, of course, by virtue of the additional compensation. In so doing, he agrees that if he terminates his employment that he will forfeit the bonuses which have previously been paid to him and which he has, under the contract he entered, paid into the compensation fund. These bonuses, in short, are conditional from the outset upon the employee’s continued service.
The majority in Morse relied heavily on LSA-C.C. Art. 2040,[1] noting that:
“Plaintiff in this latter respect has performed and was ready and willing to continue his employment with the company. The plan’s forfeiture clause therefore is manifestly unjust, contrary to public order and public policy, and unenforceable where sought to be applied in a circumstance where, as here, by unilateral act of the employer, the employee is prevented from performing his part of the bargain, ...” Morse, supra, at 1368. (emphasis added).
That court then noted that the public policy being enforced was LSA-R.S. 23:634 and held that when applying LSA-C.C. Art. 2040 under these circumstances:
“... that this obligor, McDermott, is not allowed under our law to defeat its obligation to pay the remaining portions of Morse’s compensation awards by preventing Morse from continuing his employment by terminating that employment without cause.” Morse, supra, at 1368. (emphasis added).
In my view, Langford, supra, is an erroneous extension of Morse as the employment there (and here) was terminated by the employee. Therefore, LSA-C.C. Art. 2040 is not applicable. The sole question, as I view it, is whether LSA-R.S. 23:634[2] standing alone can void the forfeiture provisions of this contract when the employee resigns of his own volition. I believe that it does not. That statute is almost 70 years old (Act 62 of 1914) and says that an employer may not require an employee to sign a contract by which the employee must forfeit wages if discharged or if the employee resigns. The key phrase is require. In this case, as in Langford, the plaintiff was not required to join the plan. They both did so voluntarily. This statute was enacted for another era and was obviously designed to protect low ranking employees from oppressive employer action.
*370 There was nothing unjust, contrary to public order, unfair or unilateral on the part of the company. On the contrary, it seems that the unfair — and certainly the unilateral action — was taken by the plaintiff.
I respectfully dissent.

. LSA-C.C. Art. 2040. Fulfillment prevented by party bound to perform
The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it.

. LSA-R.S. 23:634. Contract forfeiting wages on discharge unlawful
No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation, (emphasis added).